**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TRINTJE SIMANJUNTAK, | No. 11-70155 |
| Petitioner, | Agency No. A089-731-221 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Trintje Simanjuntak, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The BIA found that Simanjuntak failed to challenge the IJ's determination that Simanjuntak's asylum claim was time-barred, and Simanjuntak does not raise any challenge to the BIA's finding.

Substantial evidence supports the BIA's finding that Simanjuntak failed to establish the incidents she suffered in Indonesia constitute past persecution. *See Halim v. Holder*, 590 F.3d 971, 977-79 (9th Cir. 2009) (Christian Indonesian who had been beaten and threatened failed to establish past persecution); *Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) ("being accosted by a threatening mob" while driving was discriminatory mistreatment but did not constitute past persecution).

Substantial evidence also supports the BIA's finding that, even under a disfavored group analysis, Simanjuntak has not established that it is more likely than not she will be persecuted in Indonesia, because she has not demonstrated sufficient individualized risk. *See Halim*, 590 F.3d at 979 (applicants must present evidence that they face a unique and individualized risk of future harm); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would

an asylum applicant"). Because the BIA analyzed Simanjuntak's claim under a disfavored group analysis, we reject her request to remand in light of our decision in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). Accordingly, her withholding of removal claim fails.

**PETITION FOR REVIEW DENIED**.